2014-1662

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

_____

TEMPLE CONTRACT STATION LC,

Appellant,

v.

UNITED STATES POSTAL SERVICE,

Appellee.

_____

Appeal from the Final Decision of the Postal Service Board of Contract Appeals
Nos. 6430 and 6488

_____

## APPELLEE'S RESPONSE TO APPELLANT'S
## <u>MOTION FOR RECONSIDERATION</u>

Pursuant to Rule 27(a)(3) of the Federal Rules of Appellate Procedure and Federal Circuit Rule 27(b), appellee, the United States Postal Service (USPS), hereby respectfully submits this response to appellant, Temple Contract Station, LC's (Temple) motion for reconsideration of the Court's order denying appellant's motion to amend the caption to list Rebecca Martin as the appellant.  For the reasons set forth in detail below, Temple's motion for reconsideration should be denied, and this appeal should be dismissed.

Pursuant to Rule 47.3 of the Rules of the United States Court of Appeals for the Federal Circuit, this Court has required Temple Contract Station, LC, as a corporate entity, to acquire representation by counsel in order to pursue its appeal of a decision of the Postal Service Board of Contract Appeals (PSBCA).  On August 11, 2014, Temple principal Rebecca Martin filed a motion to amend the caption of this case to substitute herself as an appellant in this action in Temple's place in order to enable Temple to pursue its appeal without having to comply with this requirement.  We opposed Ms. Martin's motion, providing the Court with a contract modification and fact stipulations made during board proceedings that established that Temple Contract Station, LC, not Ms. Martin, is, in fact, the proper appellant in this action.  *See* Exhibit A (Respondent's Resp. to Ms. Martin's Mot. to Recaption).  On August 21, 2014, this Court entered an order denying Ms. Martin's motion to amend the caption in this matter, finding that the evidence showed that the contract in question was between the Postal Service and Temple Contract Station, LC, the corporate entity.  Order, Aug. 21, 2014, at 1-2.  The Court gave Temple until Monday, October 20, 2014, to have an attorney enter an appearance on its behalf, and further stated that *"[f]ailure to do so will result in dismissal of the appeal."  Id.* at 2 (emphasis supplied).

Instead of complying with this Court's order, Ms. Martin waited until October 17, 2014, three days before Temple's deadline to obtain attorney

representation, to file the instant motion for reconsideration with the Court. In the instant motion, Ms. Martin claims that the current caption assigned to this case was "due to an error that occurred sometime during the progress of the PSBCA appeal," that the contract at issue was never held nor assigned to Temple, that "[a]t no time did the appellant request a change of the caption from the *Appeal of Rebecca Martin* to that of *Temple Contract Station LC* nor did the court notify the parties of a decision on its part to alter the caption." Mot. at 1. Ms. Martin further asserts that "[t]he reason for the sudden change of the caption during the course of the appeal is unknown." *Id.*

All of Ms. Martin's claims of error are demonstrably untrue. First, as we have previously shown, the contract at issue in this case was modified to recognize a corporate name change, and identifies the contractor as "Rebecca Martin or John Martin, Temple Contract Station, P.O. Box 4301, Temple, TX 76505-4301" *with a taxpayer identification number* (not an individual's personal social security number). *See* Exhibit A. Second, contrary to Ms. Martin's allegations of error, Temple's designation as the appellant during the board proceedings was made *at Temple's own request.* As reflected in the attached Order and Memorandum of Telephone Conference, "[o]n July 13, 2012, the Board convened a telephone conference with Brent Martin representing Appellant . . . . Mr. Martin explained that the contractor whose appeal is before the Board is Temple Contract Station

3

LC. The caption of this appeal has been changed accordingly." *See* Exhibit B.

Third, Ms. Martin cannot claim that Mr. Martin made that representation on Temple's behalf without her knowledge.  Although the case was originally captioned "Appeal of Rebecca Martin," Mr. Martin (Ms. Martin's son, who managed Temple and was an officer of the company) signed the Notice of Appeal and entered his appearance as representative.  *See* Exhibit C.  In fact, the request for a caption change almost certainly followed not only because the contract actually was with Temple, but because, under board rules, Mr. Martin could only represent the corporation of which he was an officer – and not Ms. Martin as an individual appellant.  *See* 39 C.F.R. §955.26(a) ("An individual appellant may appear before the Board in his or her own behalf, a corporation may appear before the Board by an officer thereof, a partnership or joint venture may appear before the Board by a member thereof, or any of these may appear before the Board by an attorney at law duly licensed in any state, commonwealth, territory of the United States, or in the District of Columbia.").  Mr. Martin was Ms. Martin's company's representative in the case – and Ms. Martin's own chosen representative even when the matter was mistakenly captioned under her own name – and his representation to the board is imputed to her.

Finally, the board itself recently rejected Ms. Martin's attempts to retroactively change the caption.  Specifically, on October 16, 2014, Ms. Martin

filed a motion before the board requesting that the caption be changed back into

her name.  Exhibit D.  In response, the board issued an order stating as follows:

> The untimely October 16, 2014 Motion to Amend
> Caption filed by Rebecca Martin on behalf of Appellant
> is denied.  The Board's July 13, 2012 Order and
> Memorandum of Telephone Conference summarized a
> telephone conference conducted that date, with Brent
> Martin representing Appellant and with Respondent's
> counsel.  The Board's July 13, 2012 Order and
> Memorandum of Telephone Conference, a copy of which
> is attached, addressed the issue raised in Ms. Martin's
> motion as follows: "Mr. Martin explained that the
> contractor whose appeal is before the Board is Temple
> Contract Station, L.C.  The caption of this appeal has
> been changed accordingly."

Exhibit E.

In light of the foregoing considerations, Ms. Martin's motion for

reconsideration should be denied.  Moreover, as Temple Contract Station, LC has

failed to obtain counsel within the generous 60-day timeframe afforded in this

Court's order, we respectfully request that the appeal now be dismissed.

Respectfully submitted,

JOYCE R. BRANDA
  Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
  Director

/s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
  Assistant Director

/s/ A. Bondurant Eley
ANNA BONDURANT ELEY
 Trial Attorney
 Commercial Litigation Branch
 Civil Division
 U.S. Department of Justice
 Attn:Classification Unit
 P.O. Box 480
 Ben Franklin Station
 Washington, D.C. 20044
 Tel: (202) 616-8254
 Fax: (202) 514-7965
 Email:  Bondurant.Eley@usdoj.gov

October 29, 2014                    Attorneys for Respondent

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this 29th day of October,

2014, I caused to be placed in the United States mail (first-class mail, postage

prepaid) copies of the appellee's "RESPONSE TO APPELLANT'S MOTION

FOR RECONSIDERATION" addressed as follows:

>       Temple Contract Station, LC
>       c/o Ms. Rebecca Martin
>       407 Canyon Creek Drive, Suite 101
>       Temple, TX 76502


>       <u>/s/ A. Bondurant Eley</u>

# EXHIBIT A

2013-3183

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

_____

TEMPLE CONTRACT STATION LC,

Appellant,

v.

UNITED STATES POSTAL SERVICE,

Appellee.

_____

Appeal from the Final Decision of the Postal Service Board of Contract Appeals
Nos. 6430 and 6488

_____

**APPELLEE'S RESPONSE TO APPELLANT'S
<u>MOTION TO AMEND CAPTION</u>**

Pursuant to Rule 27(a)(3) of the Federal Rules of Appellate Procedure and

Federal Circuit Rule 27(b), appellee, the United States Postal Service (USPS)

hereby respectfully submits this response to appellant, Temple Contract Station,

LC's (Temple) motion to amend the caption of this action to identify Rebecca

Martin as the appellant in this action, rather than Temple, so that Ms. Martin can

proceed *pro se* in this appeal.  For the reasons set forth in detail below, the caption

in this case properly identifies Temple Contract Station, LC, rather than Ms.

Martin, as the appellant in this action, and Temple's motion to amend should be

denied.

This appeal has arisen out of a contract between Temple Contract Station, LC and the USPS, not a contract between the USPS and Ms. Martin as an individual. As set forth in the attached contract modification, in February 1994, the contract now at issue in this litigation was modified to recognize a corporate name change, and identifies the contractor as "Rebecca Martin or John Martin, Temple Contract Station, P.O. Box 4301, Temple, TX 76505-4301" *with a taxpayer identification number* (not an individual's personal social security number) of 74-2651192. *See* Exhibit A. That taxpayer identification number is the corporate taxpayer identification number for Temple Contract Station, LC. *See* Exhibit B.

Furthermore, the parties jointly stipulated during board proceedings as follows:

> 1.      Respondent [USPS] and Appellant Temple Contract Station LC ("Appellant"), then doing business as John Martin Homes, Inc., entered into Contract No. 489990-92-B-0862 (the "Contract") for the operation of a contract postal unit ("CPU") in Temple Texas . . . .
>
> 2.  Appellant subsequently changed its name from John Martin Homes, Inc. to Temple Contract Station, and Respondent formally acknowledged Appellant's name change on February 14, 1994, through Modification No. 04 . . . .

Exhibit C; *see also* Exhibit D  at 1 (board prehearing conference order

memorializing that "Respondent had submitted a document captioned *Joint Stipulations of Fact*, dated July 24, 2013, which had not been signed by both parties. The parties agreed that those ten joint stipulations of fact are agreed upon, and will be binding in these cases.").

Because the parties' contract was with Temple Contract Station, LC, rather than with Ms. Martin personally, Temple Contract Station, LC is correctly identified in the caption as the appellant in this matter. Moreover, Ms. Martin may not represent Temple in this Court, as it is well established that "a corporation may appear in the federal courts only through licensed counsel." *Talasila, Inc. v. United States*, 240 F.3d 1064, 166 (Fed. Cir. 2001) (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02, (1993)); *see also* Fed. Cir. R. 47.3 ("Party and Amicus Curiae Must Be Represented").

For the foregoing reasons, we respectfully request that Temple's motion to amend the caption in this matter to permit representation by Ms. Martin be denied.

Respectfully submitted,

STUART F. DELERY
 Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
 Director

/s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
 Assistant Director

/s/ A. Bondurant Eley
ANNA BONDURANT ELEY
 Trial Attorney
 Commercial Litigation Branch
 Civil Division
 U.S. Department of Justice
 Attn:Classification Unit
 P.O. Box 480
 Ben Franklin Station
 Washington, D.C. 20044
 Tel: (202) 616-8254
 Fax: (202) 514-7965
 Email:  Bondurant.Eley@usdoj.gov

August 14, 2014                    Attorneys for Appellant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this 14th day of August,

2014, I caused to be placed in the United States mail (first-class mail, postage

prepaid) copies of the appellee's "RESPONSE TO APPELLANT'S MOTION TO

AMEND CAPTION" addressed as follows:

> Temple Contract Station, LC
> c/o Ms. Rebecca Martin
> 407 Canyon Creek Drive, Suite 101
> Temple, TX 76502


> <u>/s/ A. Bondurant Eley</u>

# EXHIBIT A



DALLAS PURCHASING SERVICE CENTER

U.S. POSTAL SERVICE:    CONTRACT/ORDER MODIFICATION

1.  MODIFICATION NO.: MO4 TO CONTRACT/ORDER NO.: 489590-92-B-0862
2.  a. DATE ISSUED: 01/31/94     b. REQUEST NO.: 94-2400
    c. FINANCE NO: 48 B885

3.  CONTRACTOR:
    REBECCA MARTIN OR JOHN MARTIN
    TEMPLE CONTRACT STATION
    P O BOX 4301
    TEMPLE TX 76505-4301

        (817)773-8007

4.  ISSUED BY:
    Purchasing Service Center
    P. O. Box 667190
    Dallas TX  75266-7190

    FOR INFORMATION CALL:
    Barbara Reagor
    (214) 819-7109
    ACO CODE: 320

5.  The above numbered contract/order is modified as set forth in Block 6, by
supplemental agreement entered into pursuant to authority of MUTUAL AGREEMENT.
The contractor is required to sign and return one (1) copy of this modification
to the Issuing Office (See Block 4).

6.  DESCRIPTION OF MODIFICATION:

    THIS MODIFICATION RECOGNIZES THE CONTRACTOR'S CHANGE OF NAME
    EFFECTIVE 2/1/94 AS INDICATED BELOW:

    TO:  REBECCA MARTIN OR JOHN MARTIN
         TEMPLE CONTRACT STATION
         P O BOX 4301
         TEMPLE TX 76505-4301
         TIN: 74-2651192

    FROM: REBECCA MARTIN OR JOHN MARTIN
          JOHN MARTIN HOMES INC
          1409 SOUTH 31ST STREET
          TEMPLE TX 76504-7606
          TIN: 74-2586217

    ADMINISTRATIVE PO:  USPS, POSTMASTER, 401 W MAIN ST., TEMPLE TX 76501-9998

    Except as provided herein, all terms and conditions of the document referenced in
    Block 1, as heretofore changed, remain unchanged and in full force and effect.

7.  ACCOUNTS PAYABLE DATA is unchanged

8.                                          U.S. POSTAL SERVICE

    _Rebecca Martin_  2-14-94      _____  02/22/94
    Signature        Date          Signature          Date

    _Rebecca Martin_               Saundra J. Smith
    Person Authorized to Sign Offer   Name of Contracting Officer

Page 1 of 1

**EXHIBIT B**



Page 1

## FEIN Record

### Source Information

| | |
|---|---|
| **Information Current Through:** | 04/20/2014 |
| **Database Last Updated:** | 06/20/2014 |
| **Update Frequency:** | QUARTERLY |
| **Current Date:** | 08/13/2014 |
| **Source:** | Copyright © 2014 by Dun & Bradstreet, Inc. |

### Business Information

| | |
|---|---|
| **Company Name:** | **TEMPLE CONTRACT** STATION, L.C. |
| **Address:** | P O BOX 4301 |
| | TEMPLE, **TX** 76505 |
| **FEIN Number:** | 74-2651192 |
| **D&B Source:** | TEXAS BUSINESS REGISTRATIONS |
| **D&B Company Name:** | JOHN MARTIN HOMES INC |
| **DUNS Number:** | 83-115-2863 |
| **SIC:** | 75490301 TOWING SERVICE, AUTOMOTIVE |

### Executive Information

| | |
|---|---|
| **Executive Name:** | REBECCA MARTIN |
| **Title:** | PRESIDENT |

END OF DOCUMENT

# EXHIBIT C

## BEFORE THE POSTAL SERVICE BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of | ) |
| | ) |
| TEMPLE CONTRACT STATION LC | ) PSBCA Nos. 6430 |
| | )           6488 |
| | ) |
| Under Contract No. 489990-92-0862 | ) |

## JOINT STIPULATIONS OF FACT

The parties respectfully file their Joint Stipulations of Fact. Respondent's undersigned counsel and Appellant's representative Brent Martin warrant that they have the requisite authority to enter into these joint stipulations of fact. Respondent's undersigned counsel received written authorization from Mr. Martin to submit these stipulations on his behalf.

1.     Respondent United States Postal Service ("Postal Service" or "Respondent") and Appellant Temple Contract Station LC ("Appellant"), then doing business as John Martin Homes, Inc., entered into Contract No. 489990-92-B-0862 (the "Contract") for the operation of a contract postal unit ("CPU") in Temple, Texas. (Appeal File ("AF") 1 at 1).

2.     Appellant subsequently changed its name from John Martin Homes, Inc. to Temple Contract Station, and Respondent formally acknowledged Appellant's name change on February 14, 1994, through Modification No. 04. (Supplemental Appeal File ("SAF") 1 at 126).

3.     The Contract required Appellant to provide postal services, including Post Office boxes to the public. (AF 1 at 8, 40).

4.     The Contract contained the following clause:

C.1  Contract Duration and Termination (Contract Postal Unit) (Clause 08-490) (June 1988)

a. Duration. The contract will be for an indefinite term, subject to the rights of termination specified in b below.

b. Termination. The contract may be terminated by either the Postal Service contracting officer or the contractor upon 60 days' written notice. The contracting officer may terminate the contract upon one day's written notice if necessary to protect the Postal Service's interest.

(AF 1 at 10).

5.     By letter dated January 23, 2012, Respondent gave notice to Appellant that it was terminating the Contract effective March 30, 2012, due to a settlement between Respondent and one of its labor unions. (AF 2 at 45).

6.     A provision of the Memorandum of Understanding ("MOU") incorporated into the 2010-2015 collective bargaining agreement ("CBA") between the American Postal Workers Union ("APWU") and Respondent required termination of 20 full-service CPUs. (AF 2 at 45; SAF 9 at 166).

7.     The January 23, 2012 termination notice informed Appellant that the Contract was being terminated as a result of an agreement with the APWU. (AF 2 at 45).

8.     Maryanne Moore served as Purchasing and Supply Management Specialist for the Contract Postal Access Channels (CPAC) Team and the Contracting Officer responsible for Contract No. 489990-92-B-0862 at the time of its termination.

9.     Ms. Moore signed Modification 22, effectuating the termination of Appellant's contract. (AF 4 at 97).

10.     Appellant and Respondent dispute whether the U.S. Postal Service's Vice President of Supply Management was required to review and approve the termination of Appellant's contract. Appellant and Respondent stipulate that the U.S. Postal Service's Vice President of Supply Management did not review and approve the termination of Appellant's contract.

Dated: July 24, 2013

Respectfully submitted,

Richard Y. Rho
USPS Law Department
475 L'Enfant Plaza SW - Room 6343
Washington, D.C. 20260-1101
202.268.2956
202.268.5287 (fax)
Richard.Y.Rho@usps.gov
Attorney for Respondent

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was transmitted by e-mail and First Class Mail on July 24, 2013, to the following address:

Brent Martin
Temple Contract Station, LC
407 Canyon Creek Dr., Suite 101
Temple, TX 76502

# EXHIBIT D

**UNITED STATES
POSTAL SERVICE**

**BOARD OF CONTRACT APPEALS**

2101 WILSON BOULEVARD, SUITE 600
ARLINGTON VA 22201-3078
703-812-1900 FAX: 703-812-1901

Appeals of )
)
TEMPLE CONTRACT STATION LC )
)
)
Under Contract No. 489990-92-B-0862 )

August 5, 2013

P.S. Docket Nos. 6430 and 6488

## ORDER AND MEMORANDUM OF TELEPHONE CONFERENCE

On August 2, 2013, the Board convened a pre-hearing conference by telephone
with Brent Martin representing Appellant, and with Richard Rho, Esq., representing
Respondent. This Order summarizes the conference.

Stipulations of Fact.

Respondent had submitted a document captioned *Joint Stipulations of Fact*,
dated July 24, 2013, which had not been signed by both parties. The parties agreed
that those ten joint stipulations of fact are agreed upon, and will be binding in these
cases. They are accepted into the evidentiary record.

Hearing logistics.

The hearing in these cases will take place, as scheduled, on August 13 and
August 14, 2013, at the Homer J. Thornberry Judicial Building, 903 San Jacinto Street,
Austin, TX 78701, in courtroom 334. The hearing will begin at 10:00 A.M., Central
Time, on August 13. The parties shall be present in the courtroom at 9:30 A.M. for final
discussions with the presiding judge. Although the hearing is scheduled for two days,
the Board advised that the hearing will continue beyond that time, if necessary.

The Board reminded the parties that the hearing is open to the public and that documents admitted into the record may be publicly available for inspection. Although members of the media may attend the hearing, cameras and recording devices will not be permitted. The hearing will be conducted in a federal courthouse, and the parties should expect that some time may be required to pass through security.

Scope of hearing.

The Board reminded the parties that both entitlement and damages are being decided, and that they should be prepared to present testimony concerning damages.

Witnesses.

Appellant will proceed first at the hearing, and may examine its witnesses in its preferred order, subject however, to the limitations described below. Appellant intends to call the following witnesses, none of which was objected to by Respondent, and all of which are permitted to testify:

Patrick Devine
Dennis Kelly III
Maryanne Moore
Cliff Guffey
Nora Flores
Kay Gonzales
Brent Martin
Johnny Martin.

For its witnesses, Respondent intends to call:

Patrick Devine
Dennis Kelly III
Maryanne Moore.

The Board expects that Respondent will examine the three common witnesses during the same witness session so that the entire examination may be completed, to the extent possible. Accordingly, for those common witnesses, the parties may conduct

2

examination beyond the scope of the opposing party's direct or cross-examination, as appropriate.

Respondent is responsible to secure the attendance of all witnesses who presently are employed by the Postal Service. The parties declined the exclusion from the courtroom of witnesses who have not yet testified, and exclusion is not ordered.

By prior Order, the Board excused Greg Bell and Eugenia Izmaylova, Esq., who previously had been identified by Appellant as potential witnesses. See July 29, 2013 Order.

The Board expects the parties to follow the limitations described immediately below regarding the timing and method of examination for certain of these witnesses, to the extent consistent with the orderly presentation of the case, and to the extent reasonably possible.

The availability of Patrick Devine to be present to testify in the courtroom is uncertain for medical reasons. Respondent expects to be able to determine soon whether Mr. Devine will be able to travel. If he is unable to travel, Mr. Devine's testimony may be taken by telephone. In such an event, Respondent shall make all necessary arrangements, including telephone contact information and the provision of necessary documents, so as to allow for appropriate examination. The Board will convene a supplemental pre-hearing telephone conference on August 9, 2013, at 2:00 P.M. Eastern Time, to discuss the situation. Regardless of his method of testimony, as requested by Respondent, without objection from Appellant, Mr. Devine is expected be the last witness examined by Appellant in its case in chief.

3

Cliff Guffey is appearing voluntarily, as he is not employed by either party and a subpoena has not been requested or issued to compel his attendance. Mr. Guffey also may testify by telephone, and the Board expects his testimony to begin at 2:30 P.M., Central Time (3:30 P.M. Eastern Time) on August 13. Witnesses may be taken out of order or the testimony of a witness interrupted to accommodate this timing. Mr. Rho will make logistical arrangements, including informing Mr. Guffey about the timing and manner of his testimony and obtaining appropriate telephone contact information. However, as Mr. Guffey has been called to testify by Appellant, Appellant shall be responsible for providing him with any necessary documents for such examination. The representatives of the parties shall confer and arrange for any document transmission. In the event that Mr. Guffey fails to appear, the Board may direct that his or Mr. Bell's testimony instead will be taken at a future time

Maryanne Moore and Kay Gonzales will testify, if reasonably possible, during the first day of the hearing – August 13.

At Respondent's request, without objection, in order to accommodate postal operational needs, Nora Flores is expected to testify during the afternoon of either day of the hearing if reasonably possible. Appellant shall inform the presiding judge approximately two hours in advance of her required attendance so that Respondent may secure Ms. Flores' attendance in the courtroom at the appropriate time.

Brent Martin may testify in a narrative form. The Board explained to Mr. Martin that only the testimony he provides during such examination under oath will be considered as evidence, as opposed to what he may say in opening or closing statements, during examination of witnesses or in arguments.

4

Exhibits and documents.

On July 22, 2013, Appellant submitted an objection, complaining that redactions to certain identified email strings did not allow it to determine whether Respondent's assertions of privilege were justified. The Board agreed. See July 29, 2013 Order. Although Respondent has provided Appellant some additional information regarding its privilege assertions, Appellant remained unsatisfied. Accordingly, the Board ordered Respondent to present unredacted versions of the disputed documents to the presiding judge for in camera review on August 5. The Board has received these documents, will examine them and rule accordingly. However, any additional discovery demands related to this issue are untimely, and aside from the possibility of releasing all or a portion of the referenced unredacted documents as the Board may order, further document production will not be ordered.

On July 31, 2013, Appellant faxed a letter to the Board contesting certain documents included in Respondent's Hearing Exhibit Binder as not having been disclosed to it in discovery. Its objections to introduction of those documents are addressed below. However, to the extent that Appellant's letter may be construed as a motion to compel additional document discovery, it is untimely and is denied.

The Board reviewed all proposed hearing exhibits, ruled on various objections to those exhibits, and identified the exhibits that will be a part of the evidentiary record, as follows.

The Appeal File submitted by Respondent in connection with PSBCA No. 6430, marked as Tabs 1-4, is admitted without objection. The parties shall refer to such documents as "Appeal File Tab # _."

5

The Supplemental Appeal File submitted by Respondent in connection with the appeals as consolidated, marked as Tabs 1-9, is admitted without objection. The parties shall refer to such documents as "Supplemental Appeal File Tab # _."

Appellant submitted Exhibits A through V, and Exhibit Z. Respondent objected to several of these proposed exhibits and the Board ruled as here described. Exhibits A through H are admitted without objection. Respondent's objections to Exhibits I through V are sustained, and they are excluded. However, Appellant may use the excluded exhibits for impeachment purposes. Respondent's objection to Exhibit Z is overruled, and Exhibit Z is admitted. The parties shall refer to such documents as "Appellant's Exhibits Letter _."

Appellant submitted Exhibits 1-25. Respondent objected to several of these proposed exhibits and the Board ruled as here described. Exhibits 1-16 are admitted without objection. Following discussion as to Respondent's objection, Appellant withdrew Exhibit 17, which therefore is not admitted into the record. Appellant may use Exhibit 17 for impeachment. Respondent's objection to Exhibit 18 was overruled, but either party may add the second page of the document for completeness. Exhibits 19-21 are admitted without objection. Exhibit 22 is admitted over Respondent's objection. However, the parties were notified that the Board intends to take official notice of the entire applicable version (which Respondent represented is the December 12, 2011 version) of the Postal Service's *Supplying Principles and Practices* referenced in Exhibit 22, which is publicly available on Respondent's website. The parties agreed that such official notice is appropriate. Respondent's objection to Exhibit 23 is overruled. Exhibits 24-25 are admitted without objection. In summary, the Board admitted Appellant's

6

Exhibits 1 through 25, except Exhibit 17, which is excluded. The Board will take official notice of the applicable version of the document referenced in Exhibit 22. The parties shall refer to such documents as "Appellant's Exhibits # _."

Appellant also submitted Exhibits marked as Roman Numerals I through V. Respondent objected to several of these proposed exhibits and the Board ruled as here described. Respondent objected to Exhibits I, IV and V on foundational and authenticity grounds. The objections are sustained. However, Appellant may offer these exhibits into evidence through appropriate witnesses during the hearing. Respondent's objection to Exhibit II is overruled, and Exhibit II is admitted. Respondent's objection to Exhibit III is sustained. Mr. Martin may testify about the matters included in Exhibit III, but the exhibit itself is excluded. The parties shall refer to such documents as "Appellant's Exhibits Roman Numeral _."

Respondent submitted a Hearing Exhibit Binder tabbed 1-25. Appellant complained about the documents included in Tabs 4, 5, 8, and 9. Appellant did not request their exclusion. Instead, Appellant sought additional discovery, contending that the documents had not been produced in discovery, and that their existence suggests that Respondent's discovery responses were incomplete. Appellant's untimely motion to compel further discovery is denied. The entirety of the Hearing Exhibit Binder is admitted. The parties shall refer to such documents as "Respondent's Hearing Exhibit Binder # _."

The parties are responsible to bring to the hearing sufficient copies of all exhibits and documents that they intend to use for witness examination and for purposes of impeachment.

Hearing procedures.

The Board discussed hearing procedures in detail. The Board explained that opening statements are expected, how examination proceeds, the application of hearing objections, other hearing processes, and how these appeals will be resolved following the hearing. The Board answered all questioned presented by the parties.

The parties agreed to discuss settlement on August 5. They shall inform the Board promptly if those settlement discussions are successful. Finally, the presiding judge explained his availability and unavailability until the start of the hearing. If the parties need to contact the presiding judge with an urgent matter during the periods of his unavailability, however, they should call the Board.

As explained above, the Board will convene a supplemental pre-hearing conference by telephone with the parties on August 9, 2013, at 2:00 P.M. Eastern Time.

Gary E. Shapiro
Administrative Judge
Vice Chairman

8

# EXHIBIT B


**UNITED STATES**
**POSTAL SERVICE**

**BOARD OF CONTRACT APPEALS**

2101 WILSON BOULEVARD, SUITE 600
ARLINGTON VA 22201-3078
703-812-1900  FAX: 703-812-1901

| | | |
|---|---|---|
| Appeal of | ) | July 13, 2012 |
| | ) | |
| TEMPLE CONTRACT STATION LC | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Under Contract No. 489990-92-B-0862 | ) | PSBCA No. 6430 |

## ORDER AND MEMORANDUM OF TELEPHONE CONFERENCE

On July 13, 2012, the Board convened a telephone conference with Brent
Martin representing Appellant, and with Eugenia Izmaylova, Esq., representing
Respondent, United States Postal Service.  This Order summarizes the
conference.

Mr. Martin explained that the contractor whose appeal is before the Board
is Temple Contract Station LC.  The caption of this appeal has been changed
accordingly.

Following discussion, the parties agreed and the Board here orders that
this appeal will resolve only entitlement.  If necessary, damages may be
addressed at a later time.

Following discussion, Mr. Martin changed the position Appellant took in
the Joint Status Report and requested a hearing.  The Board is inclined to
proceed to a hearing.  However, Ms. Izmaylova requested an opportunity to work
cooperatively with Mr. Martin to determine whether testimony that Appellant

**U.S. POSTAL SERVICE**

JUL 1 6 2012

**RECEIVED BY**
OFFICE OF THE GENERAL COUNSEL

seeks from postal witnesses could be reduced to writing.  Before definitively deciding whether to proceed to a hearing, the Board grants that request.

The parties shall work together in this regard and be prepared to report in the next telephone conference whether and how this case is ready to proceed. The next telephone conference will occur on August 17, 2012, at 2:30 P.M. Eastern Time (1:30 P.M. Central Time).

Gary E. Shapiro
Administrative Judge
Board Member

2

# EXHIBIT C

Temple Contract LLC

PO Box 4301 Temple,TX 76505



Recorder of the Postal Contract Board of Appeals

2101 Wilson Blvd. Suite 600

Arlington, VA 22201-3078

MAR 15 '12 PM 2:22

Tuesday, March 13, 2012

To whom it may concern:

  I am petitioning the board to review our claim against the United States Postal Service. Our contract is one of twenty, terminated in accordance with the terms of an agreement made between the USPS and The American Postal Workers Union. In our opinion the exercise of the *Termination with Notice* provision of our contract by the United States Postal Service was done in such manner that it is a clear breach of contract. The motives, actions, and decisions that led to the termination of our contract, violate *The* covenant of good faith and fair Dealing in our interpretation. On May 23rd , 2011 *The Collective Bargaining Agreement between the United States Postal Service and the American Postal Workers Union* was ratified by the Postmaster General and President of the American Postal Workers Union. In this agreement is a list of twenty Contract Postal Units that were specified to be either closed or converted to union operations at the APWU's discretion. Neither during their negations (which lasted several months) or at any time after ratification of the agreement were the affected contract holders notified of its existence. Only after I had discovered, through the relaying a rumor by our

postmaster did I learn of the agreements existence. Our Postmaster had no specifics on this information, other than what he was told by a union representative, that our station was to be closed. After some research the I managed to locate a copy of the agreement on the APWU website. Upon discovering this I immediately began contacting other contract holders listed in the agreement. Neither they nor their local or regional USPS offices claimed any knowledge of the existence of this agreement. When pressed for information our, district supervisor, assured us that the Postal Service would not allow the union to invoke this action. We took this assurance on good faith and continued business as usual. Unbeknownst to us, the Postal Service had already begun terminating several of the contracts listed in the union agreement. Our office made contracts, along with other business decisions that would not have been made had we been provided with clear and accurate information. The Postal Service continued to deny any possibility of our contract being terminated until within a week of our receiving the official notification.

In my understanding of contract law, a party to a contract has a legal and moral obligation to divulge any relevant information regarding any existing circumstances that could impact the other parties' contract, in this case the granting to a third party the legal authority to order the termination of our contract. Furthermore the termination of this contract will have many negative affects on the Postal Service. A single post office cannot adequately meet the demands of a city of 60,000. The majority of business and households are located a significant distance from the downtown area where the main branch is located. The facility does not possess an adequate number of post office boxes to accommodate the 800 customers who will be losing their boxes upon our closure. We have generated an average of one million dollars annual revenue for the Postal Service over the 20 years we have been in operation and have provided valuable service to both our customers and the Postal Service without a single instance of wrongdoing or underperformance. In 2006, in response to requests from our Postmaster, we constructed a multimillion dollar facility to provide more efficient and better service.

In spite of all this when our contract comes to its end on March 30th of this year we are told we have no right or expectation for even the relief of the losses we will incur due to the loss

of our contract. The Postal Service has made the claim that the agreement with the APWU will save three billion dollars. Their savings comes at our expense. As one staff member on the Congressional Postal Oversight and Reform Committee put it, "we have been thrown under the bus by the Postal Service". I cannot perceive how it is possible that the Postal Service's treatment of our contract has been in "good faith". We hope the board concurs with our opinion.

Sincerely,

Brent Martin

Vice President Temple Contract LLC

# EXHIBIT D

Rebecca Martin
407 Canyon Creek Dr Suite 101
Temple, TX 76502

Judicial Officer Department,
United States Postal Service,
2101 Wilson Boulevard, Suite 600,
Arlington, VA 22201-3078



Appeal of Rebecca Martin
Under Contract No. 489990-92-0862
PSBCA No. 6430 & 6488

October16, 2014



**Motion to Amend Caption**

To the Postal Board of Contract Appeals,

It has come to my attention that the caption for PSBCA 6430 and 6488 The Appeal of Temple Contract Station LC are incorrect. The appeal document dated June 8th 2012, *Respondent's Answer* indicates the correct caption *Appeal of Rebecca Martin*. Contract 489990-92-0862 was between Rebecca Martin and the USPS and at no time was the contract transferred or assigned to Temple Contract Station LC. This change in caption was never requested by the appellant nor were any documents issued by the board indicating that this change had occurred, therefore I am requesting the board amend the caption in these appeals to reflect the correct entity.

Sincerely,

Rebecca Martin

BEFORE THE POSTAL SERVICE BOARD OF CONTRACT APPEALS

Appeal of )
)
REBECCA MARTIN )  PSBCA No. 6430
)
)
Under Contract No. 489990-92-0862 )

## RESPONDENT'S ANSWER

Respondent, the United States Postal Service, answers Appellant's Letter of Appeal dated March 13, 2012, subsequently amended to include monetary damages in early May 2012 and designated as Appellant's Complaint.

Respondent admits, denies and avers as follows:

### Page 1

The first sentence on page one of Appellant's Complaint is a prayer for relief, to which no response is required. Respondent admits the allegations in the second sentence. Respondent avers that as result of the re-negotiated Collective Bargaining Agreement between Respondent and the American Postal Workers Union ("APWU"), effective November 21, 2010 to May 20, 2015, significant cost savings will be achieved by Respondent.[1] Both sides made concessions during negotiations and Respondent agreed, among other things, that certain contracted-out retail postal services would be brought "in-house" or returned to the APWU. Consequently, certain CPU contracts performed by outside suppliers needed to be terminated. The third and fourth sentences are legal conclusions to which no response is required, to the extent those sentences allege facts, those

---

[1] A copy of this agreement between Respondent and the APWU, commonly referred to as the 2010 National Agreement, may be accessed at http://www.apwu.org/dept/ind-rel/sc/APWU%20Contract%202010-2015.pdf.

# EXHIBIT E



**UNITED STATES**
**POSTAL SERVICE** ®

*BOARD OF CONTRACT APPEALS*

RECEIVED
OCT 2 1 2014
LAW DEPARTMENT

2101 WILSON BOULEVARD, SUITE 600
ARLINGTON VA 22201-3078
703-812-1900 FAX: 703-812-1901

| | |
|---|---|
| Appeals of ) | October 17, 2014 |
| ) | |
| TEMPLE CONTRACT STATION LC ) | DOCKETED: |
| ) | P.S. BCA NO. 6430, 6488 |
| ) | DATE 10/17/14 CO |
| ) | |
| Under Contract No. 489990-92-B-0862 ) | PSBCA Nos. 6430 and 6488 |

## ORDER

The untimely October 16, 2014 *Motion to Amend Caption* filed by Rebecca

Martin on behalf of Appellant is denied. The Board's July 13, 2012 *Order and*

*Memorandum of Telephone Conference* summarized a telephone conference

conducted that date, with Brent Martin representing Appellant and with Respondent's

counsel. The Board's July 13, 2012 *Order and Memorandum of Telephone Conference*,

a copy of which is attached, addressed the issue raised in Ms. Martin's motion as

follows: "Mr. Martin explained that the contractor whose appeal is before the Board is

Temple Contract Station, L.C. The caption of this appeal has been changed

accordingly."

Gary E. Shapiro
Administrative Judge
Board Member

 **UNITED STATES**
**POSTAL SERVICE**

*BOARD OF CONTRACT APPEALS*

2101 WILSON BOULEVARD, SUITE 600
ARLINGTON VA 22201-3078
703-812-1900 FAX: 703-812-1901

| | | |
|---|---|---|
| Appeal of | ) | July 13, 2012 |
| | ) | |
| TEMPLE CONTRACT STATION LC | ) | DOCKETED: |
| | ) | P.S. BCA NO. 6430 |
| | ) | DATE 7-13-12  VAD |
| | ) | |
| Under Contract No. 489990-92-B-0862 | ) | PSBCA No. 6430 |

## ORDER AND MEMORANDUM OF TELEPHONE CONFERENCE

On July 13, 2012, the Board convened a telephone conference with Brent
Martin representing Appellant, and with Eugenia Izmaylova, Esq., representing
Respondent, United States Postal Service. This Order summarizes the
conference.

Mr. Martin explained that the contractor whose appeal is before the Board
is Temple Contract Station LC. The caption of this appeal has been changed
accordingly.

Following discussion, the parties agreed and the Board here orders that
this appeal will resolve only entitlement. If necessary, damages may be
addressed at a later time.

Following discussion, Mr. Martin changed the position Appellant took in
the Joint Status Report and requested a hearing. The Board is inclined to
proceed to a hearing. However, Ms. Izmaylova requested an opportunity to work
cooperatively with Mr. Martin to determine whether testimony that Appellant

seeks from postal witnesses could be reduced to writing.  Before definitively

deciding whether to proceed to a hearing, the Board grants that request.

     The parties shall work together in this regard and be prepared to report in

the next telephone conference whether and how this case is ready to proceed.

The next telephone conference will occur on August 17, 2012, at 2:30 P.M.

Eastern Time (1:30 P.M. Central Time).

Gary E. Shapiro
Administrative Judge
Board Member